UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE CARLOS ARCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-01777-WTL-MJD |
| ) | |
| JENNIFER BARNES, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Reconsideration**

Presently pending before the Court is Jose Carlos Arce's motion for reconsideration or, in the alternative, motion to amend the second amended complaint [dkt 79]. For the reasons explained in this Entry, Mr. Arce's motion is **denied**.

**I.
Background**

Mr. Arce filed an amended complaint on April 28, 2014, asserting claims against Jennifer Barnes, Brian Smith, Corizon, LLC, and the Indiana Department of Corrections. The Court sua sponte dismissed the Indiana Department of Corrections because it had already been dismissed from the case. Brian Smith, the Superintendent of Plainfield Correctional Facility, filed a motion to dismiss the claims against him. The Court granted the motion on August 27, 2014, reasoning that the only allegation regarding Mr. Smith is that Mr. Arce sent Mr. Smith letters informing him that Mr. Arce was experiencing back pain and requesting that Mr. Smith assist Mr. Arce in obtaining medical treatment, but such an allegation fails to demonstrate that Mr. Smith was personally involved in the allegedly deficient medical care provided to Mr. Arce. The Court further noted that there is no *respondeat superior* liability under § 1983.

Mr. Arce filed a motion to reconsider the Court's decision to dismiss his claims against Mr. Smith. The Court subsequently permitted Mr. Arce to file a second amended complaint, which he did on November 24, 2014. Not long thereafter, the Court denied Mr. Arce's motion to reconsider as moot given that the second amended complaint superseded the amended complaint.

## II.
## Discussion

In his presently pending motion to reconsider, Mr. Arce asks the Court to reconsider the denial of his previous motion to reconsider or, in the alternative, grant him leave to amend his second amended complaint to assert claims against Mr. Smith. The Court begins by making clear that its dismissal of Mr. Arce's § 1983 claim against Mr. Smith was correct. In his amended complaint, Mr. Arce alleged that he sent Mr. Smith a letter informing him that Mr. Arce was experiencing back pain and requesting that Mr. Smith assist Mr. Arce in obtaining medical treatment, but Mr. Arce never received a response. To be liable for a constitutional violation, an individual must have personally participated in the conduct or it must have occurred at his direction. Asserting a § 1983 claim against Mr. Smith because he failed to respond to a letter about the lack of medical care is insufficient to bring him into the zone of liability. If an official, who is not otherwise responsible for allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. To allow liability to be based upon "such a broad theory. . . [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982); *see Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996). Therefore, even if Mr. Arce had not amended his complaint, his motion to reconsider would be denied.

Mr. Arce has, however, amended his complaint. As the Court explained in its previous Entry denying Mr. Arce's first motion for reconsideration, his second amended complaint completely replaced and superseded his amended complaint. *See Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Therefore, Mr. Arce's second motion to reconsider the Court's previous denial of his first motion to reconsider must be denied.

In the alternative, Mr. Arce requests that he be given leave to amend his second amended complaint to include claims against Mr. Smith. This request must also be denied. First, Mr. Arce has not attached his proposed third amended complaint to his motion as is required by Local Rule 15-1. This rule requires a motion to amend to include a copy of the proposed amended pleading. *See* Local Rule 15-1 ("Amendments to a pleading must reproduce the entire pleading as amended."). Second, Mr. Arce has not explained why he is entitled to amend his second amended complaint under Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) provides that once an answer to a complaint has been filed (as in this case) "a party may amend its pleadings only with the opposing party's written consent or the court's leave." The rule also provides that "[t]he court should freely give leave when justice so requires." *Id.*

If Mr. Arce wishes to file a motion for leave to file a third amended complaint, he must attach a copy of his proposed third amended complaint in accordance with Local Rule 15-1, and he must explain why he should be permitted to file a third amended complaint at this stage of the litigation. Mr. Arce should note that if he seeks to file a third amended complaint to add the same allegations regarding Mr. Smith that the Court has already determined fail to state a claim, his motion will be denied because the proposed amendment will be futile. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001).

# III.
# Conclusion

For the reasons explained in this Entry, Mr. Arce's motion for reconsideration or, in the alternative, motion to amend the second amended complaint [dkt 79] is **denied**. Defendants recently filed a motion for summary judgment [dkt 81]. Mr. Arce must either file his response to Defendants' motion for summary judgment or file a motion for leave to file a third amended complaint by **March 28,** 2015. If Mr. Arce files a motion for leave to file a third amended complaint by that date, the summary judgment briefing deadlines will be stayed until further notice by the Court.

Date: 2/19/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSE CARLOS ARCE
Delfin Madrigal No 95
Edif. B-3 Apt 102
Col. Santo Domingo, Coyoacan
Mexico City, Mexico D.F.C.P. 04369
Mexico

Electronically Registered Counsel