UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSE CARLOS ARCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-01777-WTL-MJD |
| | ) |
| JENNIFER BARNES, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Denying Motion for Reconsideration**

The Court granted summary judgment to defendants Nurse Jennifer Barnes, Dr. Michael Mitcheff, and their employer Corizon, LLC ("Corizon") on all of plaintiff Jose Arce's claims on July 29, 2015, and entered final judgment that same date. Presently pending before the Court is Mr. Arce's motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). For the reasons explained below, Mr. Arce's motion is **denied**.

**I. Legal Standard**

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The purpose of a Rule 59(e) motion is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). However, a Rule 59(e) motion "is not a fresh opportunity to present evidence that could have been presented earlier." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). Instead, to receive the requested relief, the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Id.*

1

## II. Discussion

The Court incorporates by reference the undisputed facts section set forth in the Court's July 29, 2015 Entry granting the defendants' motion for summary judgment. Mr. Arce seeks reconsideration of the Court's decision regarding each of his claims: (1) an Eighth Amendment medical claim; (2) a First Amendment retaliation claim; and (3) a state law negligence claim. The Court will address each claim in turn.

### A. Eighth Amendment Medical Claim

Mr. Arce brought an Eighth Amendment medical claim against Nurse Barnes and Dr. Mitcheff. The Court granted summary judgment to both defendants.

#### 1. Dr. Mitcheff

Mr. Arce contends that the Court made a manifest error of law in concluding that Dr. Mitcheff was entitled to summary judgment. Specifically, Mr. Arce argues that the Court misapplied the Seventh Circuit's decision in *Pyles v. Fahim*, 771 F.3d 403 (7th Cir. 2014).

In granting summary judgment for Dr. Mitcheff, the Court relied on *Pyles* to conclude that Dr. Mitcheff's decision to overrule Dr. Leclerc's recommendation that Mr. Arce receive a special mattress did not constitute an Eighth Amendment violation. The Seventh Circuit in *Pyles* stated that "[d]isagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Id.* at 409. Further, the Seventh Circuit explained that "[a] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have [recommended the same] under those circumstances." *Pyles*, 771 F.3d at 409. The Court reasoned that, even though Mr. Arce preferred the medical mattress as the means to treat his back pain, and even though Dr. LeClerc recommended it, given Dr. Mitcheff's

2

disagreement with that medical recommendation and the absence of evidence that "no minimally competent professional would have [recommended the same] under those circumstances," *Pyles*, 771 F.3d at 409, Mr. Mitcheff's denial did not amount to deliberate indifference.

Mr. Arce argues in the instant motion that "properly applying *Pyles* . . . Dr. Mitcheff was not entitled to deference because a minimally competent professional (Dr. LeClerc) would have [provided him a special medical mattress] under the circumstances of [Mr. Arce's] case." Filing No. 96 at 11. Mr. Arce misunderstands *Pyles*. The Seventh Circuit made clear that a medical professional's decision is entitled to deference *unless* no other minimally competent medical professional would have made the same decision. There is no evidence that no other medical professional would have determined, as Dr. Mitcheff did, that the mattress was unnecessary. Contrary to Mr. Arce's reasoning, the fact that Dr. LeClerc recommended a special mattress is not evidence that all other medical professionals would have agreed. In fact, Mr. Arce's own expert did not recommend treating his back pain with a special mattress. At bottom, the only evidence of deliberate indifference on Dr. Mitcheff's part is that his assessment of whether treatment with a special mattress was necessary was contrary to Dr. LeClerc's assessment. But as stated in *Pyles*, "[d]isagreement between . . . two medical professionals[] about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." 771 F.3d at 409.

Accordingly, the Court did not make a manifest error of law on Mr. Arce's Eighth Amendment claim against Dr. Mitcheff and thus it will not alter its grant of summary judgment to Dr. Mitcheff on this claim.

### 2. Nurse Barnes

The Court granted summary judgment to Nurse Barnes on Mr. Arce's Eighth Amendment medical claim on the ground that no reasonable jury could conclude that Ms. Barnes acted with

deliberate indifference to Mr. Arce's back pain. The Court explained that during Nurse Barnes's first appointment with Mr. Arce on June 13, 2013, Ms. Barnes observed that Mr. Arce walked with no impairment or limp, moved all extremities without issue, and stood and sat unassisted with no issue. Nevertheless, she placed him on a new medical regimen—switching his anti-inflammatory medication from Naproxen that another nurse prescribed him to Mobic—to address his complaint that the Naproxen was not relieving his back pain. Mr. Arce continued to complain about back pain on July 19, 2013, and Nurse Barnes responded, on August 14, 2013, by recommending physical therapy, which alleviated Mr. Arce's back pain.

The Court reasoned that the two-month delay between the first appointment and the recommendation of physical therapy did not evince deliberate indifference for two reasons. First, the purported delay in treatment was not a delay at all because in Nurse Barnes's medical judgment, the new medication Mobic needed a period of time to become effective, and there was no evidence contrary to Nurse Barnes's testimony that this course of treatment fell within the standard of care. Second, even assuming the two-month period could be considered a delay in treatment, no reasonable jury could conclude that the delay was due to deliberate indifference, as the undisputed evidence demonstrated that the chosen course of treatment should be given a period of time to become effective before another treatment was considered. Finally, Mr. Arce's own expert recommended treating Mr. Arce' back pain with anti-inflammatory medication (Naproxen) and physical therapy—the very course of treatment Nurse Barnes followed.

Mr. Arce argues that the Court did not properly analyze certain facts that demonstrate deliberate indifference. Specifically, Mr. Arce points to the following evidence: he told Nurse Barnes that the Naproxen prescribed to him by another nurse did not alleviate his back pain and that he remained in extreme pain. In response, Mr. Arce attests that Nurse Barnes said: (1) "This

4

is all the treatment you're gonna get"; (2) insinuated that he was malingering; and (3) and stated that he had no legal right to be free from pain. *See* Filing No. 69 at 5. Mr. Arce contends that the Court committed a manifest error by failing to reason that a reasonable jury could infer from these statements and his statement to Ms. Barnes that he was in severe pain that the purported two-month delay in treatment was due to Nurse Barnes's ill will toward Mr. Arce, rather than her medical judgment.

The Court did not make a manifest error of law or fact by failing to conclude that the foregoing facts were sufficient to create a genuine issue of material fact as to whether Nurse Barnes was deliberately indifferent to Mr. Arce's back pain. When the facts on which Mr. Arce relies are viewed in context, none of them warrant a change in the Court's decision on summary judgment.

At the outset, Mr. Arce contends that Nurse Barnes's judgment that he was not in severe pain is disputed merely because he told her he was. But prison employees are not required to accept everything an inmate tells them at face value. *See Olson v. Morgan*, 750 F.3d 708, 713 (7th Cir. 2014) ("[P]rison guards are neither required nor expected to believe everything inmates tell them."); *Riccardo v. Rausch*, 375 F.3d 521, 527 (7th Cir. 2004) ("[A] prisoner's bare assertion is not enough to make the guard subjectively aware of a risk, if the objective indicators do not substantiate the inmate's assertion."). Here, as explained above, the "objective indicators d[id] not substantiate [Mr. Arce's] assertion" that he was in extreme pain—he walked with no impairment or limp, moved all extremities without issue, and stood and sat unassisted with no issue—and thus Nurse Barnes did not have to treat Mr. Arce as if he was.

Nurse Barnes's comments do not demonstrate deliberate indifference either. First, Nurse Barnes's assessment that Mr. Arce was malingering is insufficient to show deliberate indifference; instead, it was her conclusion based on the fact that her observations of his ability to move did not

align with his complaints of severe back pain. *See Townsend v. Cooper*, 759 F.3d 678, 690 (7th Cir. 2014) (holding that a doctor's statement to an inmate that he was faking his symptoms does not "support a conclusion that she was deliberately indifferent"); *Rice v. Correctional Medical Servs.*, 675 F.3d 650, 684 (7th Cir. 2012) (holding that a doctor's sincere belief that inmate was malingering does not support a conclusion that a nurse was deliberately indifferent to an inmate's medical needs).

Second, Mr. Arce asks the Court to assess Nurse Barnes's other comments outside of the context in which they were made. As Nurse Barnes explained, Mr. Arce's back pain was caused by an injury that occurred several years prior, which caused a "chronic problem" such that there "will always [be] times when it hurts" and he experiences "pain." Filing No. 84-2 at 4. In light of this, Nurse Barnes's statement during the June 13 appointment that he has no legal right to be free from pain, does not show that she was deliberately indifferent to his pain. Instead, it is an accurate statement of the law and reflects the reality of Mr. Arce's condition—namely, that he will continue to have chronic back pain. *Cf. Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("It would be nice if after appropriate medical attention pain would immediately cease, its purpose fulfilled; but life is not so accommodating. Those recovering from even the best treatment can experience pain. To say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd. It would also be absurd to say . . . that the Constitution requires prison doctors to administer the least painful treatment. That may be preferable, but the Constitution is not a medical code that mandates specific medical treatment.").

Nor does Nurse Barnes's statement that "[t]his is all the treatment you're going to get" evince deliberate indifference in the context in which it was said. Mr. Arce had been consistently asking for a special mattress, and this request was denied less than a week before his June 13

appointment with Nurse Barnes. But Mr. Arce "is not entitled to demand specific care," nor is he "entitled to the best care." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("[T]he Eighth Amendment does not require that prisoners receive unqualified access to health care. Rather, they are entitled to only adequate medical care.") (citation and quotation marks omitted). Thus, the statement that the Mobic was all the treatment Nurse Barnes was going to give him at the appointment is not evidence that she would no longer treat him and thus deliberately indifferent to his pain. Rather, it was a reflection of her medical judgment that she was providing him adequate medical care by switching his prescription to a new anti-inflammatory medication that might prove effective.

Moreover, Nurse Barnes explained how she provided the care she thought was necessary: "I opted to treat [Mr. Arce] and to continue to try and treat [Mr. Arce] with different modalities. When [he] reported that the modalities were not working, I changed modalities and went so far as to put [him] in physical therapy." Filing No. 84-2 at 3. This assessment is confirmed by the medical records: Nurse Barnes switched his medication during her first visit with him from Naproxen to Mobic. Although Mr. Arce asserts that she knew this would not work since both are anti-inflammatory drugs and the Naproxen was not working, there is no evidence—medical or otherwise—showing that if one anti-inflammatory is not effective, a different one will not be either. Nurse Barnes explained that this new medication should be given a chance to alleviate his chronic back pain before other treatment alternative are explained, and that it is common to give medications thirty to sixty days to work. After sixty days on Mobic and Mr. Arce's back pain persisted, Nurse Barnes treated Mr. Arce with physical therapy, which proved effective. Not only is there no evidence disputing Nurse Barnes testimony that this treatment fell within the standard of care, Mr. Arce's own expert stated that he would treat his back pain with anti-inflammatories

7

and physical therapy. Given that Nurse Barnes continued to "change modalities" in an attempt to alleviate Mr. Arce's back pain both on the day she made the comments in question and two months later once the first new treatment she tried was unsuccessful, no reasonable jury could view her comments as showing deliberate indifference to his back pain.

Finally, the same holds true for Mr. Arce's characterization of Nurse Barnes's deposition testimony that she would have treated him differently had there been an increase in pain. Mr. Arce argues that because he told Nurse Barnes that his pain increased she should have treated him differently. However, when read in context, Nurse Barnes testified she would have sent Mr. Arce to a specialist if there was a decrease in function and increase in pain, but would not if there was simply a recurrence of pain, given that he had a chronic back problem. She did not send him to a specialist because she did not observe a decrease in function or increase in pain. As explained above, the mere fact that Mr. Arce asserted to Nurse Barnes that his pain increased or was severe does not mean she had to believe him when the objective observations did not corroborate him complaints. *See Olson*, 750 F.3d at 713; *Riccardo*, 375 F.3d at 527.

In short, Nurse Barnes's medical judgment was that Mr. Arce was malingering, and the fact that she treated him accordingly—by utilizing treatments recommended by Mr. Arce's expert—does not demonstrate that she was deliberately indifferent to his pain. Indeed, the undisputed record demonstrates that Nurse Barnes provided him two new treatments despite the fact she thought he was malingering. This precludes a reasonable jury from concluding that she was deliberately indifferent to his back pain.

### B. First Amendment Retaliation Claim

In his second amended complaint, Mr. Arce asserted a First Amendment retaliation claim against unnamed "Plainfield medical personnel," alleging that they denied him medical treatment

in retaliation for filing the instant action.  The Court granted the defendants summary judgment on this claim because individuals can only be liable under § 1983 if they had "personal involvement in the alleged constitutional deprivation." *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (citation and quotation marks omitted).  Because the evidence to which Mr. Arce pointed failed to demonstrate that either Dr. Mitcheff or Nurse Barnes was involved in the alleged retaliatory conduct, the Court granted them summary judgment.

Mr. Arce argues that the Court made a manifest error because his claim was against Corizon, not Dr. Mitcheff or Nurse Barnes, and because he asserted a state law retaliation claim rather than a First Amendment retaliation claim, which permits him to proceed under a supervisory liability theory.

The Court will not reconsider its decision as to Mr. Arce's retaliation claim for three reasons.  Rule 59 motions do "not allow a party to . . . advance arguments that could and should have been presented to the district court prior to the judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted).  Mr. Arce did not make the arguments he presents in the instant motion in either of his summary judgment briefs and thus those arguments are not appropriate grounds to reconsider the Court's decision.

Moreover, the Court rejects Mr. Arce's attempt to re-characterize his retaliation claim as one made pursuant to state law rather than the First Amendment via § 1983.  Although the Court construes Mr. Arce's pleadings and filings liberally, this does not permit him to fundamentally change the character of the claim he was making after the entry of final judgment.  In both Mr. Arce's second amended complaint and response to the defendant's motion for summary judgment, he recited the elements of a First Amendment retaliation claim and argued that those elements are met.  Furthermore, the defendants' motion for summary judgment made clear that they believed

9

Mr. Arce to be asserting a First Amendment retaliation claim and that there was no evidence that either Dr. Mitcheff or Nurse Barnes were personally involved in the alleged retaliatory conduct. Mr. Arce did not response by stating that they misconstrued his claim or that his claim was against Corizon; he recited the elements of a First Amendment retaliation claim and argued that his claim was against "Plainfield medical personnel" and "the defendants." Mr. Arce had opportunity to explain that the defendants misconstrued his claim, but he did not take it. The Court will not permit him to do so now that the Court has ruled against him on this claim.

Finally, even if Mr. Arce's First Amendment claim was against Corizon in addition to Dr. Mitcheff and Nurse Barnes, *respondeat superior* liability is not permitted under § 1983. *See West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997). For these reasons, the Court will not reconsider its decision granting summary judgment to the defendants' on Mr. Arce's First Amendment retaliation claim.

### C. State Law Medical Negligence

The Court granted the defendants summary judgment on Mr. Arce's state law medical negligence claim on the ground that he failed to present his claim to the medical review board as required by the Indiana Medical Malpractice Act, Ind. Code § 34-18-8-4. Mr. Arce argues that this was manifest error because there is no evidence that the defendants are qualified healthcare providers as is necessary for the Act to apply. However, Mr. Arce did not raise this argument in opposition to the defendants' request for summary judgment on this basis; instead, he argued that the Act did not apply to federal claims. As stated above, Rule 59 motions do "not allow a party to . . . advance arguments that could and should have been presented to the district court prior to the judgment." *Beyrer*, 722 F.3d at 954 (citation and quotation marks omitted). On this basis alone, Mr. Arce's argument for reconsideration must be rejected.

In the alternative, if the Court had been presented and accepted Mr. Arce's argument that the Act was inapplicable, the Court still would have granted summary judgment to the defendants on Mr. Arce's medical negligence claim. To prevail on a medical negligence claim, the plaintiff "must present expert testimony to establish the applicable standard of care and to show whether the defendant's conduct falls below the standard of care." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 760 (7th Cir. 2004). Here, Mr. Arce's expert only testified generally to the standard of care. He did not testify as to whether the defendants' specific conduct fell below the standard of care; indeed, he does not discuss the defendants' conduct at all. For this additional reason, even if the Court was inclined to consider Mr. Arce's belated argument, it would not change the ultimate conclusion that the defendants' are entitled to summary judgment on his state law medical negligence claim.[1]

### III. Conclusion

The Court reconsidered its decision granting the defendants' summary judgment on all of Mr. Arce's claims to the extent that Mr. Arce raised argument appropriate to raise in a Rule 59(e) motion, but none of Mr. Arce's appropriately raised arguments change the ultimate outcome of this case for the reasons explained above. Accordingly, Mr. Arce's motion for reconsideration [dkt. 96] is **denied**.

Date: 9/21/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[1] Mr. Arce argues in his motion for reconsideration that the general rule requiring expert testimony does not apply because the common knowledge exception, which is rooted in the res ipsa loquitur doctrine, applies. First, Mr. Arce raises this exception for the first time in his motion for reconsideration, so it will not be considered by the Court. *See Beyrer*, 722 F.3d at 954. Second, even if the Court considered it, "[t]he use of this exception has been limited to cases in which obvious mistakes have been made in surgery," *Musser*, 356 F.3d at 760, which precludes its application in this case.

Distribution:

JOSE CARLOS ARCE
Delfin Madrigal No 95
Edif. B-3 Apt 102
Col. Santo Domingo, Coyoacan
Mexico City, Mexico D.F.C.P. 04369
Mexico

Electronically Registered Counsel